IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-23,062-02






EX PARTE DAVID EUGENE FIELDS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM RUSK COUNTY

IN CAUSE NO. CR04-024

IN THE FOURTH DISTRICT COURT



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of
the offense of delivery of a controlled substance, and punishment, enhanced by two prior
felony convictions, was assessed at confinement for twenty years. Applicant's conviction
was affirmed on appeal. Fields v. State, No. 06-04-00074-CR (Tex. App.--Texarkana,
delivered January 6, 2005, no pet.).

 Applicant contends that he was denied an opportunity to file a petition for

discretionary review (PDR). The trial court has not entered findings of fact or conclusions
of law. We believe that Applicant has alleged facts that, if true, might entitle him to relief. 
Therefore, it is this Court's opinion that additional facts need to be developed, and because
this Court cannot hear evidence, the trial court is the appropriate forum. The trial court shall
resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may
order affidavits, depositions, or interrogatories from appellate counsel, or it may order a
hearing. In the appropriate case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether appellate counsel informed Applicant that his conviction had been affirmed and
that he was entitled to file a PDR pro se. The trial court shall also make any further findings
of fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 5th DAY OF APRIL, 2006.





 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.